# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:08-CR-95-TLS |
| | ) | |
| DEMARCUS JOHNSON | ) | |

## OPINION AND ORDER

Before the Court is the Defendant's Letter Requesting New Counsel [ECF No. 107], filed on September 15, 2010. The Defendant, Demarcus Johnson, asks the Court to appoint new counsel and the Court is treating the Defendant's Letter as a Motion for New Counsel. The Defendant's Motion provides a narrative of the relationship between the Defendant and his attorney, Linda Wagoner. Also, the Defendant attached his correspondence with Attorney Wagoner from May 4, 2010, through September 9, 2010. (Def.'s Mot. 3–15.) Defendant Johnson's trial is set to begin September 28, 2010.

In considering a motion for new counsel the Court must "[decide] the timeliness of the motion, [adequately inquire] into the motion, and [determine] whether the conflict [is] so great that it [has] resulted in a total lack of communication preventing an adequate defense." *United States v. Harris*, 394 F.3d 543, 552 (7th Cir. 2005) (citing *United States v. Bjorkman*, 270 F.3d 482, 500 (7th Cir. 2001); *United States v. Zillges*, 978 F.2d 369, 371 (7th Cir. 1992)).

The Defendant filed his Motion less than two weeks prior to trial. While this is more timely than a request the day of trial the Defendant's request is still untimely in light of the Defendant's prior requests for new counsel. *See United States v. Houston*, 280 F.3d 1164, 1167 (7th Cir. 2002) (finding a request for counsel the day of trial untimely but a request a month

before trial timely). The Court has already granted multiple requests by the Defendant's previously appointed counsel to withdraw representation and Defendant's subsequent requests for new counsel [ECF Nos. 59 and 71]. The Court finds that the Defendant's Motion is not timely because it is a delay tactic as part of the Defendant's pattern of requesting new counsel in order to delay impending proceedings. *Houston*, 280 F.3d at 1167 ("Our concern, of course, with untimely requests for new counsel is that they are nothing more than tactics to manipulate or delay the trial.").

The Court does not need to hold an additional hearing to explore the Defendant's request because the Defendant's Motion presents the same arguments already presented to this Court in Attorney Wagoner's Motion for Permission to Withdraw [ECF No. 81] filed on May 13, 2010. The Court conducted a hearing [ECF No. 88] to address Attorney Wagoner's Motion on June 9, 2010, and denied the Motion. The Defendant has not presented any new arguments in favor of his Motion that were not before the Court at the June 9 hearing.

Although the Defendant asserts that he has not communicated at all with his attorney, the Court is not persuaded. *See Houston*, 280 F.3d at 1168–69 (describing cases where there was not "a total lack of communication"). The Defendant and Attorney Wagoner communicated multiple times during a suppression hearing [ECF No. 93] on June 24, 2010, which was after the June 9 hearing denying Attorney Wagoner's Motion to Withdraw. Also, the Court finds continuing communication between the Defendant and Attorney Wagoner as evidenced by the Defendant's Response to Proposed Jury Instructions [ECF No. 110] filed on September 17, 2010. The Defendant's Response contains nine objections specifically attributed to "Mr. Johnson" as

opposed to objections attributed to Attorney Wagoner. There must have been at least some level of communication between Attorney Wagoner and the Defendant for her to file the Defendant's Response.[1] The Court finds that "even though the [D]efendant and his attorney [do] not get along and [are] often 'at odds,' there [is] at least some communication occurring between the two." *Houston*, 280 F.3d at 1168 (citing *United States v. Brown*, 79 F.3d 1499, 1506–07 (7th Cir. 1996)).

For the foregoing reasons, the Court DENIES the Defendant's Motion for New Counsel [ECF No. 107].

SO ORDERED on September 23, 2010.

                                                       s/ Theresa L. Springmann
                                                      THERESA L. SPRINGMANN
                                                      UNITED STATES DISTRICT COURT

---

[1] Attorney Wagoner has also provided no indication that the Defendant refuses to talk to her. Attorney Wagoner had an opportunity to address this issue at a Telephone Status Conference [ECF No. 115] on September 22, 2010, subsequent to the Defendant filing his Motion.